IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAYNE M. FUNK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-324-DES |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Dwayne M. Funk ("Claimant") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act (the "Act"). For the reasons explained below, the Court REVERSES and REMANDS the Commissioner's decision denying benefits.

**I.      Statutory Framework and Standard of Review**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be deemed disabled under the Act, a claimant's impairment(s) must be "of such severity that he is not only unable to do his previous work but

---

[1] Effective December 20, 2023, Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). No further action is necessary to continue this suit by reason of 42 U.S.C. § 405(g).

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). This process requires the Commissioner to consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a medically determinable severe impairment(s); (3) whether such impairment meets or medically equals a listed impairment set forth in 20 C.F.R. pt. 404, subpt. P., app. 1; (4) whether the claimant can perform her past relevant work considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can perform other work considering the RFC and certain vocational factors. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). If it is determined, at any step of the process, that the claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).

A district court's review of the Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of judicial review under § 405(g) is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's factual findings are supported by substantial evidence. *See Noreja v. Soc. Sec. Comm'r,* 952 F.3d 1172, 1177 (10th Cir. 2020). Substantial evidence is more than a scintilla but means only "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). In conducting its review, the Court "may neither reweigh the evidence nor substitute [its] judgment

2

for that of the agency." *Noreja,* 952 F.3d at 1178 (quotation omitted).  Rather, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted).

**II.   Claimant's Background and Procedural History**

In June 2020, Claimant applied for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Act.  (R. 265-80).  Claimant alleges he has been unable to work since an amended onset date of August 17, 2019, due to back problems, right arm pain, and right hand pain.  (R. 314, 330).  Claimant was 52 years old on the date of the ALJ's decision and completed three years of college.  (R. 21, 265, 274, 331).  The ALJ found Claimant has past relevant work as a furniture rental clerk.[2]  (R. 64).

Claimant's claims for benefits were denied initially and on reconsideration, and he requested a hearing.  (R. 69-142).  ALJ Michael Mannes conducted an administrative hearing and issued a decision on May 16, 2022, finding Claimant not disabled.  (R. 13-21, 27-67).  The Appeals Council denied review on September 19, 2022 (R. 1-6), rendering the Commissioner's decision

---

[2] "Past relevant work is work that [the claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."  20 C.F.R. §§ 404.1560(b)(1), 416.920(b)(1).  Substantial gainful activity is "work activity that involves doing significant physical or mental activities . . . that [the claimant does] for pay or profit."  20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b).  Generally, if the claimant's work was continuous without significant change in work patterns or earnings, the ALJ will average the claimant's earnings over each period for which a different substantial gainful activity earnings level applies.  20 C.F.R. §§ 404.1574a(a)-(b), 416.974a(a)-(b).  If the claimant's average monthly earnings exceed a prescribed threshold, substantial gainful activity is presumed.  20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii).  Conversely, if the claimant's earnings are equal to or below the threshold amount, the claimant is presumed not to be engaged in substantial gainful activity.  Claimant worked as a furniture rental clerk in 2010.  Because Claimant's total earnings of $943.50 as a furniture rental clerk in 2010 are clearly below the substantial gainful activity threshold of $1,000.00 per month in 2010, Claimant argues (Docket No. 13 at 11), and the Commissioner concedes (Docket No. 20 at 14), that Claimant's work as a furniture rental clerk does not meet the definition of past relevant work.

final.  20 C.F.R. §§ 404.981, 416.1481.  Claimant filed this appeal on November 17, 2022. (Docket No. 2).

### III.   The ALJ's Decision

In his decision, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since his amended onset date of August 17, 2019.  (R. 15).  At step two, the ALJ found Claimant had the severe impairments of degenerative disc disease and disorders of the muscle ligament, and fascia.  (*Id.*).  The ALJ further found Claimant had the non-severe impairments of diabetes mellitus, essential hypertension, hyperlipidemia, substance addiction disorders (drugs), obesity, and depressive, bipolar, and related disorders.  (R. 16).  At step three, the ALJ found Claimant's impairments did not meet or equal a listed impairment.  (R. 17).

Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with occasional climbing ramps or stairs; never climbing ladders, ropes, or scaffolds; frequent balancing or kneeling; occasional stooping, crouching, and crawling; frequent reaching bilaterally; and occasional handling and fingering with the right upper extremity.  (*Id.*).  The ALJ provided a summary of the evidence that went into this finding.  (R. 17-19).

Based on the testimony of a vocational expert ("VE"), the ALJ concluded at step four that Claimant could return to his past relevant work as a furniture rental clerk as generally performed in the national economy.  (R. 20).  At step five, the ALJ also made the alternative finding that Claimant could also perform other work existing in significant numbers in the national economy, including public area attendant, chaperone, and counter clerk.  (R. 20-21).  Accordingly, the ALJ concluded Claimant was not disabled.  (R. 21).

**IV.    Issues Presented**

Claimant raises the following points of error in his challenge to the Commissioner's denial of benefits, which the undersigned re-organizes for clarity: (1) the ALJ failed to provide a narrative discussion that explains how the evidence supported the RFC (Docket No. 13 at 5-6); (2) the ALJ failed to properly evaluate the medical source opinion of consultative examiner Dr. Gerald Rana (*id.* at 6-8); (3) the ALJ failed to account for all of Claimant's impairments and limitations in the RFC (*id.* at 8-10); (4) the ALJ failed to conduct a proper analysis pursuant to *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996) at step four (*id.* at 11-14); and (5) the ALJ failed to present a hypothetical question to the VE that included all his limitations (*id.* at 5).  The Court agrees the ALJ failed to properly account for Claimant's non-severe mental impairments in the RFC assessment, and as a result, he failed to provide a narrative discussion that explains how the evidence supported his conclusions.

**V.    Analysis**

A claimant's RFC is his "*maximum* remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite his impairments.  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996).  In assessing the RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe.*"  *Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013); *see also* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) ("We will consider all of [a claimant's] medically determinable impairments of which we are aware, including . . . impairments that are 'not severe' . . . when we assess [a claimant's] residual functional capacity.").  Additionally, the ALJ must "include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's wok-related limitations.  SSR 96-8p at *7.  The ALJ must explain the basis for the

limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.*

Apart from noting Claimant was treated for depression at Carl Albert Community Mental Health Center in June 2021, the ALJ did not mention or consider the effects of Claimant's mental impairments whatsoever in the RFC analysis. (R. 18). Rather, the ALJ's RFC discussion focused exclusively on the impact of Claimant's severe physical impairments on his ability to work. Thus, the Court agrees the ALJ inadequately considered Claimant's non-severe depressive, bipolar, and related disorders in the RFC assessment. A clear and specific analysis of what, if any, impact Claimant's non-severe mental impairments had on the RFC was particularly important in this case, because no medical source opined as to Claimant's mental RFC, and because there is some indication in the record that Claimant's depression is related to his physical impairments. (R. 602) ("Depression is increased the longer he is down . . . .").

Moreover, the omission of a discussion regarding Claimant's non-severe mental impairments demonstrates that the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC assessment as required by SSR 96-8p. For instance, the ALJ did not explain, what, if any work-related limitations resulted from Claimant's non-severe depressive, bipolar, and related disorders. Additionally, the ALJ omitted skill level, task, instruction, and social limitations from the RFC determination without explaining why Claimant's non-severe depressive, bipolar, and related disorders did not impose any limitations. Absent a discussion of how Claimant's non-severe impairments were accounted for in the RFC assessment, or an explanation why such impairments did not impose any functional limitations, the Court is unable to "credit [the ALJ's] conclusion with substantial evidence." *Wells,* 727 F.3d at 1071.

In sum, the ALJ erred by relying on his non-severity finding at step two "as a substitute for a proper RFC analysis" with respect to Claimant's non-severe mental impairments. *Id.* at 1065. Accordingly, the matter will be remanded for further proceedings consistent with this Order. *See id.* at 1071 (remanding for further proceedings "concerning the effect of [claimant's] medically determinable mental impairments on her RFC, and for further analysis at steps four and five, including any further hearing the ALJ deems necessary").

## VI.   Conclusion

For the foregoing reasons, the Commissioner's decision finding Claimant not disabled is REVERSED and REMANDED for proceedings consistent with this Opinion and Order.

SO ORDERED this 27th day of March, 2024.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE